[S. F. No. 3281.   Department One.—May 20, 1905.]

ANDREW PETERSON, Appellant, v. J. H. GIBBS, and
M. WARD, Respondents.

ACTION TO QUIET TITLE—TITLE SUBJECT TO TIMBER CONTRACT—ERRONE-
OUS NONSUIT—RIGHTS OF PLAINTIFF.—In an action to quiet title
to land, where it appears that plaintiff has the legal title to the
premises, subject to a contract made by his predecessor giving to
defendant the right to remove all timber therefrom, it was error
to grant a nonsuit. The plaintiff has the right to have the adverse
claim of the defendant, under the timber contract, defined and
determined by the judgment of the court.

ID.—CONSTRUCTION OF CONTRACT—ABSOLUTE SALE OF TIMBER—PASSAGE
OF TITLE—COVENANT AS TO TIME OF REMOVAL.—Where there is
absolutely nothing in the contract for the sale and removal of the
timber which can be construed as making the removal of the
timber a condition precedent to the passage of the title, and the
instrument shows an absolute sale of all timber on the land, an
agreement to remove the timber within a specified or reasonable
time must be deemed merely a covenant; and the timber remains
the property of the purchaser, although not removed within the
specified time.

ID.—TIMBER PART OF REALTY—TRANSFER TO THIRD PARTY—RIGHTS OF
OWNER—RESERVATION IN DECREE.—The timber is part of the realty,
and it may be transferred to a third party who is not an owner
of the land; and the grantee is entitled, in an action by the owner
to quiet his title to the land, to have the timber granted reserved
from the operation of any decree that may be made therein.

ID.—IMMATERIAL EVIDENCE—TIME OF COMMENCEMENT TO REMOVE TIM-
BER.—Evidence that it was the intention of the parties that the
vendee should begin to remove the timber within three years from
the date of the agreement in no degree affects the contract entered
into, and does not assist in the construction of its clear and unam-
biguous provisions.

CXLVII. Cal.—1

APPEAL from a judgment and from an order of the Superior Court of Mendocino County denying a new trial. J. M. Mannon, Judge.

The facts are stated in the opinion of the court.

McGarvey & Bledsoe, for Appellant.

McNab & Hirsch, for Respondents.

ANGELLOTTI, J.—This is an appeal from the judgment and an order denying a motion for a new trial. The trial court granted the defendants' motion for a nonsuit, and judgment was thereupon entered that the plaintiff take nothing by his action and that defendants recover their costs.

The principal question presented is as to the action of the court in granting defendants' motion for a nonsuit.

The action was commenced July 19, 1901, to quiet plaintiff's title to certain land in Mendocino County. Plaintiff alleged in his complaint that on July 18, 1891, one Oppenlander was the owner in fee simple of said land; that on said day Oppenlander sold and conveyed the same to him, and that he ever since has been and now is the owner in fee simple and in possession of all thereof. He further alleged that the defendants claim an interest therein adverse to him, but that such claim was without any right whatever. He asked that the defendants be required to set forth all adverse claims asserted by them, that such claims be determined by the decree, and that it be adjudged that defendants have no estate or interest in the property. The defendants, by their answer, filed January 15, 1902, denied that plaintiff was the owner in fee or in possession of any part of said land, and admitted and alleged that they claimed an interest therein, to the extent that they are the "absolute owners of all the timber upon the above mentioned premises whether standing, lying or growing, with the right to do all things on said land which might be necessary for the purpose of manufacturing the timber and removing the same and to make roads and build camps thereon, and the right of ingress and egress upon and across the land, and also full rights of way for the purpose of removing said timber as the defendants might acquire

upon the adjoining land or lands in the vicinity of the lands described in the complaint.''

They asked for a decree that plaintiff take nothing by his action, that it be decreed that defendants are the owners of all the timber upon the said land, ''whether said timber be lying, standing or growing,'' and that they are entitled to remove the same.

Upon the trial, it was shown by plaintiff that, subject to such rights as were possessed by defendants under an instrument executed by the owners of the land, on December 28, 1887, purporting to grant and convey the timber thereon and on other lands, he was the owner of all the land in dispute, under a deed of grant executed on July 18, 1891, by Oppenlander, the then owner, subject to defendants' rights, and also that he had been in possession of all the land ever since the date of his deed.

The said instrument of December 28, 1887, was one whereby the then owners had purported to ''grant, bargain, sell and convey'' to the defendants, ''all the timber now standing, lying or being on'' certain lands of the grantors, including the land in controversy, and, in addition to such purported grant, contained the following provisions:—

''And the parties of the first part promise and agree to and with the parties of the second part, that they shall have a period of ten years in which to remove the timber from the above-described lands, and they do covenant and promise to allow and empower the parties of the second part, their agents and servants, to enter in and upon the real estate upon which the timber hereby conveyed is growing or situate as above described, to cut such timber, manufacture the same into lumber, and do all things upon such land which may be necessary for the purpose of manufacturing such timber into lumber and the removal thereof, as well as the right to make roads and build camps upon such land, and also full ingress and egress have over such land for the removal of the timber hereby conveyed, and also such timber as the parties of the second part may acquire upon adjoining land or lands in the vicinity of the lands of the parties of the first part as described herein. The parties of the second part hereby covenant and agree to and with the said parties of the first part, that if the timber is not removed from the above-described lands within a

period of ten years that they will pay a yearly rental to the parties of the first part, of two hundred dollars a year thereafter for the privilege of removing such timber from the lands of the parties of the first part, with the covenants and agreements of the parties of the first part herein to continue until all of the timber is removed, and it is agreed between the parties hereto that all the privileges granted herein are to continue until such timber is removed, subject to the provisions of this agreement.

"It is further agreed by and between the parties hereto, that each of the parties hereto are to pay one half the taxes upon all of the foregoing described real estate that may be levied upon such land for state, county, or municipal purposes during each and every year from the date hereof until all the timber is removed from such real estate."

This instrument, in consideration for the execution of which the defendants paid seven thousand dollars in cash, was the sole basis of defendants' claim. It had been duly recorded and plaintiff had full notice thereof. The deed to him contained this provision, viz.: "Excepting and reserving, however, for the benefit and use of a former grantee of mine, the standing and down timber on the hereinafter granted land, and the privilege to work it up and to remove it from said land."

At the time of the commencement of this action defendants had not commenced to remove any timber from the land. The defendants, who had never been notified of the transfer of the land by Oppenlander to plaintiff, had, acting under their agreement, paid Oppenlander each year after the year 1897 the sum of two hundred dollars. Plaintiff had paid all the taxes on the land, but it did not appear that any demand for reimbursement had ever been made upon defendants.

This, aside from some evidence going to show that it was the expressed intention of defendants at the time of the negotiations resulting in the agreement of December 28, 1887, to commence cutting and removing the timber in not to exceed three years from such date, was, substantially, the case made by plaintiff.

Even if it be conceded that the case shows all that is claimed for it by defendants, we are of the opinion that the motion for a nonsuit was improperly granted. At most

the plaintiff had simply failed to establish that his land was free of all valid claim on the part of defendants. He had, however, clearly shown that he was the owner in fee of the land, subject only to the interest held by defendants in the timber "standing, lying, or being" on said land on December 28, 1887, with such rights of entry, rights of way, etc., as were given by the contract of that date. Although he had not come up to the full measure of the allegations of his complaint as to the invalidity of the claim asserted by defendants, he had shown a legal title in himself sufficient to enable him to maintain the action to quiet his title to the land, such as it was, and to have the adverse claim of defendants in regard thereto fully defined and determined.

The mere fact that a defendant in an action brought under the provisions of section 738 of the Code of Civil Procedure is shown to have some valid interest or estate in the property in controversy does not warrant the denial of all relief to the plaintiff who has also shown a valid interest therein.

Such an action is brought, as authorized by the statute, "for the purpose of determining" any adverse claim that may be asserted therein by a defendant to the land in controversy, and this does. not mean that the court is simply to ascertain, as against a plaintiff shown to have a legal interest, whether or not such defendant has *some interest,* but also that the court shall declare and define the interest held by the defendant, if any, so that the plaintiff may have a decree finally adjudicating the extent of his own interest in the property in controversy. The object of the action is to finally settle and determine, as between the parties, all conflicting claims to the property in controversy, and to decree to each such interest or estate therein as he may be entitled to. Of course, if the plaintiff fails to show any legal interest in the property in controversy, and as to which he asserts title, he must fail altogether, and could not complain of a judgment of nonsuit, but where he shows any legal interest, he is entitled to have that interest declared by the court. (See generally upon the nature and object of the statutory action to quiet title, *Stoddart* v. *Burge,* 53 Cal. 394; *People* v. *Center,* 66 Cal. 551; *Pennie* v. *Hildreth,* 81 Cal. 127; *Castro* v. *Barry,* 79 Cal. 443; *Bulwer C. S. Mining Co.* v. *Standard S. M. Co.,* 83 Cal. 589; *Quint* v. *McMullen,* 103 Cal. 381.) By the order granting a

nonsuit, the plaintiff was in effect declared to have no legal interest whatever in the property in controversy. This was of course erroneous.

As the case made by plaintiff showed him to be the owner of the land in controversy, subject only to such interest in the timber thereon, and such rights of entry and rights of way as defendants may be determined to have under their contract, the motion for a nonsuit should have been denied. The judgment must therefore be reversed, in order that the conflicting claims of the parties to the land in controversy may be fully and finally determined and settled by a decree.

Counsel have on this appeal discussed the question as to the proper construction of the written instrument under which defendants claim an interest in the real property involved in this action. It was upon the theory that this instrument showed an absolute sale of all the timber "standing, lying, and being" on the land at the date thereof, that the learned judge of the court below granted the motion for a nonsuit.

It is proper that we should say, for the guidance of the court on a new trial, that in our judgment this was a correct construction of the instrument. It is true that the timber was sold in contemplation of its removal from the land, and that it was the understanding of all parties that it should be so removed. While there is much apparent conflict in the decisions as to the proper construction of a contract for the sale of standing trees to be removed, it is well settled that such a sale may be absolute, and the agreement to remove within a specified or reasonable time merely a covenant, in which case the timber remains the property of the purchaser, although not removed within the specified time. (See 28 Am. & Eng. Ency. of Law, 2d ed., p. 541; *Hoit* v. *Stratton Mills*, 54 N. H. 109.[1]) The question in each case is as to what is the contract between the parties.

Here there is absolutely nothing in the terms of the agreement which can be construed as making the removal of the timber a condition precedent to the passing of title, or as causing delay in such removal, beyond the period of ten years from the date of the instrument, or failure to pay the rental reserved or one half the taxes, to operate as a divesting of the title conveyed.

[1] 20 Am. Rep. 119.

The terms of the instrument literally signify an absolute conveyance of the timber, and there is nothing in the provisions relied upon by plaintiff to impair the force of the plain words of present grant. The provision to the effect that the vendees should have a period of ten years in which to remove the timber that they had purchased must be read in connection with the provision to the effect that if it is not removed within ten years the vendees "will pay a yearly rental to the parties of the first part, of two hundred dollars a year thereafter for the privilege of removing such timber," etc. This provision, together with the provision for the payment by the vendees of one half of all taxes that may be levied upon the land from the date of the agreement until all of the timber has been removed, both of which are mere covenants in no way affecting the title, must be held to express the agreement of the parties as to the effect of any failure of the vendees to remove the timber within the designated period of ten years.

Much reliance is placed by plaintiff upon certain evidence claimed to be admissible for the purpose of showing that it was the intention of the parties that the vendees should commence to remove the timber within three years from the date of the agreement. At most, this evidence only tended to show that the vendors entered into this agreement relying upon the statements of the vendees that they expected to commence the work of removing the timber within three years. It in no degree affects the contract entered into or assists in the construction thereof. There is nothing therein that is at all inconsistent with the clear and unambiguous provisions of the contract.

There can be no doubt that at the time of the transfer of the timber, the same was a part of the realty (Civ. Code, secs. 658, 660), nor can there be any doubt that the title to the standing timber could be transferred to and held by one who was not the owner of the land. (See *Sears* v. *Ackerman,* 138 Cal. 583.) Whether, by a conveyance of standing timber to be removed, the timber is in contemplation of law severed from the land and transformed into personal property (see *Kingsley* v. *Holbrook,* 45 N. H. 313;[1] *Hoit* v. *Stratton Mills,* 54 N. H. 109;[2] *Purner* v. *Piercy,* 40 Md. 212[3]), or continues

---

[1] 86 Am. Dec. 173, and note.     [3] 17 Am. Rep. 591, and note.
[2] 20 Am. Rep. 119.

to be an interest in the realty, it is clear to us that so long as it remains actually affixed to the land a decree quieting plaintiff's title to the real property without reserving or excepting such timber from its operation would cut off all rights of the defendants therein. Defendants are therefore entitled to have their rights in relation to the timber fully reserved from the effect of any decree that may be made.

The judgment and order are reversed and the cause remanded.

Shaw, J., and Van Dyke, J., concurred.