[Civ. No. 3698.   Third Appellate District.—May 28, 1929.]

LOUIS LARSON, Respondent, v. P. J. O'BRIEN, as Trustee, etc., Appellant.

Eugene S. Selvage for Appellant.

Denver Sevier and Kenneth D. Sevier for Respondent.

FINCH, P. J.—The plaintiff was given judgment quieting his title to 160 acres of land and "all the trees, timber and wood now growing or lying upon said property." The defendant has appealed from the judgment.

January 18, 1923, the plaintiff entered into an agreement with Henry and Albert Christenson, by the terms of which he agreed to sell and they to buy all the timber on the land mentioned, except certain parts thereof reserved by the plaintiff, for $8,500, of which sum $2,000 was paid on the execution of the agreement and the remainder was to be paid in installments of not less than $500 each, payable every six months thereafter. The Christensons were "to clear the timber off of" 80 acres of the land "on or before August 1, 1926, and the balance of the timber mentioned to be taken off on or before August 1, 1933." The agreement contained the following:

"In the event of a failure to comply with the terms hereof by the parties of the second part, the party of the first part shall be released from all obligations in law or equity to convey said property, and the parties of the second part shall forfeit all right thereto and all moneys theretofore paid hereunder shall be treated as liquidated damages for the non-fulfillment of this contract.

"And the party of the first part, on receiving such payment, at the times and in the manner above mentioned, agrees to execute and deliver to the parties of the second part, or to their assigns, a good and sufficient title conveying said property free and clear of all liens and incumbrances made, done or suffered by the party of the first part.

"And it is understood that the stipulations aforesaid are to apply to and bind the heirs, executors, administrators and assigns of the respective parties, and that time is of the essence of this agreement."

The Christensons proceeded under the agreement to cut and remove timber from the land and they made prompt payment of all installments as they fell due up to and including January 18, 1928, but no subsequent payments have been made. July 6, 1928, Albert Christenson was adjudged a bankrupt and on the 17th of the same month Henry Christenson also was adjudged a bankrupt. At the commencement of this action, August 21, 1928, the defendant O'Brien was the trustee in bankruptcy of the estates of both bankrupts.

Appellant argues the case on the assumption that the agreement constitutes a sale of the timber in question, but by its terms it is only an agreement to sell, and title was to be conveyed to the Christensons only on payment by them of the amount agreed upon, "at the times and in the manner above mentioned," and in the event of their default the plaintiff was to be released from all obligation to convey the property, and the Christensons were to forfeit all right thereto and all moneys theretofore paid by them. The contract provides that "time is of the essence of this agreement." In the respects mentioned the contract is unlike the one considered in *Peterson* v. *Gibbs,* 147 Cal. 1 [109 Am. St. Rep. 107, 81 Pac. 121], cited by appellant. That contract purported to "grant, bargain, sell and

convey all the timber now standing, lying or being" on certain lands. The court said: "The terms of the instrument literally signify an absolute conveyance of the timber, and there is nothing in the provisions relied upon by plaintiff to impair the force of the plain words of present grant." In another part of the opinion it is said: "The question in each case is as to what is the contract between the parties." The contract herein, in which time is made of its essence, is only an agreement to sell and convey. It expressly provides for a forfeiture upon the default of the Christensons, and there is nothing to distinguish the case from numerous others in which forfeitures have been upheld. (25 Cal. Jur. 621; *Pedrotti* v. *American Nat. Fire Ins. Co.*, 90 Cal. App. 668 [266 Pac. 376], and cases therein cited.)

The judgment is affirmed.

Thompson (R. L.), J., and Plummer, J., concurred.