[Civ. No. 979.  Fourth Appellate District.—October 20, 1932.]

ARTHUR C. HURT, Respondent, v. PICO INVESTMENT COMPANY (a Corporation), Appellant.

Perry F. Backus for Appellant.

James H. Howard and William A. Farner for Respondent.

JENNINGS, J.—Plaintiff instituted this action to quiet title to certain real property. The complaint is in the form usually employed in actions of this character. It alleges ownership in fee in plaintiff and that defendants claim some interest in the property adverse to plaintiff which claim is alleged to be without right. The prayer is that defendants be required to set forth the nature of their claims and that it be adjudged that defendants have no interest in the property and that plaintiff's title thereto be quieted. The answer of defendant Pico Investment Company denies that plaintiff is the owner in fee of the land,

admits that defendants, or some of them, claim some interest in the land which is alleged to be a valid claim and closes with the prayer that plaintiff take nothing by his complaint. Upon the issues thus presented by the pleadings the case was tried. During the trial of the action plaintiff introduced in evidence a deed to the land, dated January 25, 1928, executed to him as grantee by a commissioner appointed by the Superior Court of Los Angeles County in an action instituted for the purpose of foreclosing a mortgage upon the land, and rested his case. The commissioner's deed recites that in a certain action pending in the Superior Court of Los Angeles County it was decreed that the mortgaged premises be sold at public auction; that the sale was duly held and the premises were sold to the plaintiffs in said action; that thereupon the commissioner made the usual certificate of sale; that more than twelve months have elapsed since the date of the sale and in the meantime the purchasers at said sale have sold and assigned the certificate of sale theretofore issued to them to plaintiff by virtue of an assignment duly recorded; that the commissioner to carry into effect the sale theretofore made by him and in pursuance of the decree grants and conveys the premises to plaintiff. Plaintiff thus established *prima facie* that he was the owner in fee of the land, title to which he sought to quiet in himself. It was then stipulated by the parties that at the time the mortgage was made title to the property was vested in the Security Realty Corporation. A deed from this corporation to L. A. Hamilton dated May 6, 1924, was then offered in evidence by defendants and was admitted. Defendant next introduced the entire file in the mortgage foreclosure action referred to in the commissioner's deed to plaintiff. This evidence shows that suit for foreclosure of the mortgage was begun on June 19, 1926; that the defendants in said suit, exclusive of fictitious defendants, were Security Realty Corporation, D. H. Penny and Jane Doe Penny, T. E. Newlun, and Susan Coe Hamilton (wife of L. A. Hamilton); that an affidavit for publication of summons upon defendant D. H. Penny was presented to the court, whereupon an order for service of summons upon said defendant by publication was made by the court; that affidavits showing personal service of process on defendants Security Realty Corporation and Newlun

and service by publication on defendant D. H. Penny were made and filed and the default of said defendants entered; that thereafter on November 5, 1926, the court rendered its decree of foreclosure against defendants Security Realty Corporation and D. H. Penny and ordered that the mortgaged premises be sold at public auction and the commissioner appointed by the court, upon the expiration of the redemption period, should execute a deed conveying the property to the purchaser at such sale; that the commissioner made his return certifying that he had offered the property for sale at public auction and that the plaintiffs in the foreclosure action were the highest bidders thereat and the premises were accordingly sold to them; that thereafter, during the latter part of April, 1928, A. C. Hurt, plaintiff herein, gave notice that on May 3, 1928, he would move the court to set aside the decree made and entered in the foreclosure proceedings on the ground that no service of process was had upon defendants Security Realty Corporation or D. H. Penny and the decree was not effective as to them; that on May 3, 1928, an order was entered in the minutes of the court granting plaintiff's motion to set aside the judgment; that thereafter plaintiff herein filed an amended and supplemental complaint in said foreclosure action and the same, together with *alias* summons, was served upon defendants Security Realty Corporation and D. H. Penny; that notice of motion to quash the service of *alias* summons on said defendants and to strike the amended and supplemental complaint was duly given and the court made its order quashing service of the *alias* summons and striking the amended and supplemental complaint; that thereafter plaintiff herein moved the court to be substituted in the place of the original plaintiffs in the foreclosure action which motion was by the court granted; that thereupon said plaintiff gave notice that he would move the court for an order vacating the commissioner's certificate of sale and the deed issued pursuant thereto and the satisfaction of judgment or, as an alternative, for an order directing the issuance and service of a writ of assistance for the purpose of putting him in possession of the property, which motion was denied; that a writ of assistance was granted to plaintiff on March 18, 1929, but prior to the date on which it was to be operative was vacated

on the court's motion and on an order to show cause why such writ of assistance should not be granted, the issuance of the writ was denied. A deed from L. A. Hamilton to D. H. Penny was then offered in evidence by defendants and was admitted. Finally, there was offered in evidence by defendants and admitted, a deed from D. H. Penny to Pico Investment Company, a corporation. The various deeds herein mentioned purported to convey title in fee to the real property which is the subject of controversy herein. Upon the evidence thus presented, the trial court rendered judgment that the defendant Pico Investment Company is the owner, seised in fee, of the real property title to which is, by this action, sought to be quieted by plaintiff and that said real property is subject to the lien of the mortgage dated December 16, 1922, executed by the Security Realty Corporation in favor of James Hocking and Ella Hocking and that plaintiff is the owner and holder of said mortgage and of the note whose payment it was given to secure. From that portion of the judgment decreeing that the land is subject to the lien of the mortgage, defendant Pico Investment Company prosecutes this appeal.

Appellant contends that the minute order of the court in the mortgage foreclosure proceedings instituted by James Hocking and Ella Hocking, which order purports to vacate the decree of foreclosure theretofore entered in said action, is void; that the decree of foreclosure is void as to its predecessor, D. H. Penny, for the reason that there was no service of process in said action upon D. H. Penny; that the decree of foreclosure is valid as to those defendants in said action who were served with process; that the plaintiffs in said action acquired by the commissioner's sale whatever interest in the property was owned by the defendants who were served with process; that the plaintiffs in said action caused satisfaction of the judgment therein rendered to be entered, thus effectually and for all time terminating this particular action; that by assignment of the commissioner's certificate of sale respondent acquired only the interest of his assignors, plaintiffs, in said mortgage foreclosure proceedings; that the court's judgment in the present action in so far as it decrees that the land is subject to the lien of the mortgage is not in accordance

with the issues framed by the pleadings and this portion of the judgment is therefore unauthorized.

In analyzing the situation presented by the record herein it appears, first, that when respondent produced a deed executed by the commissioner in the foreclosure proceedings to himself as grantee he had *prima facie* established fee title to himself in the property. Appellant then produced deeds which deraigned title from the common source to appellant and, for the purpose of showing that respondent's deed was ineffective as to appellant, introduced in evidence the entire record in the mortgage foreclosure proceedings. This ill-starred litigation has produced the confusion which pervades the present action. Through the mishandling of a common legal instrumentality, a plain and simple situation has become confused. No one who examines the record herein can fail to arrive at the conclusion that appellant was entitled to a decree establishing fee title in it and that the land is subject to the lien of the mortgage attempted to be foreclosed by the above-mentioned proceedings.

Whether the order of the court made in the foreclosure action on May 3, 1928, vacating the decree of foreclosure is void or valid, there appears, at all events, to be no dispute between the parties that the decree of foreclosure was void as to D. H. Penny, appellant's grantor. As heretofore indicated, appellant contends that the application to vacate the judgment having been made more than a year after the rendition of judgment was too late and that the court no longer had jurisdiction to make the order and that it was a void order in so far as it attempted to vacate the judgment as to defendants other than D. H. Penny; that the plaintiffs in the foreclosure proceedings by their purchase at the commissioner's sale acquired whatever interest defendants other than D. H. Penny had in the property and that when the judgment was satisfied of record the action was finally terminated; that respondent through the assignment to him of the commissioner's certificate acquired only whatever interest defendants other than D. H. Penny had in the property. It is to be observed, first, that the record shows that when the foreclosure action was instituted D. H. Penny was the owner of the fee-simple title to the property and it does not appear that defendants

other than D. H. Penny owned or claimed any interest whatever in the property. If appellant's contention is correct it follows that neither respondent nor his assignors acquired anything by virtue of the foreclosure suit or through the decree therein or the sale of the property had in pursuance of the decree or the purchase by respondent of the commissioner's certificate and the commissioner's deed executed at the expiration of the redemption period. Nevertheless, though no interest in the property was in fact acquired, it is argued that when the judgment was satisfied the foreclosure suit was finally terminated and the court in the present action was in error in holding that appellant holds title in fee subject to the lien of the mortgage. But the mortgage which was attempted to be foreclosed actually created a lien on the land which at the time the foreclosure action was commenced was owned by D. H. Penny. Her title could not be divested by foreclosure of the mortgage unless she were made a party to the action and served with process therein (*Goodenow* v. *Ewer,* 16 Cal. 461 [76 Am. Dec. 540]). Since D. H. Penny was not properly served with process in the action her title to the property was not affected by the decree of foreclosure. As to her the decree was void on the face of the record and properly vacated when the court which had rendered it was advised of the palpable insufficiency of the affidavit upon which the order for publication of summons was made. ■
The object of the foreclosure proceedings was primarily to effect a valid sale of the mortgaged premises and thereby to enforce payment of the debt secured by the mortgage lien. This purpose was obviously not accomplished. The authority of the commissioner to execute a deed to the property depended primarily upon a valid judgment and since the judgment was void as to the owner of the property it could pass no title to such property (*Phillips* v. *Hagart,* 113 Cal. 552, 556 [45 Pac. 843, 54 Am. St. Rep. 369]). Respondent as grantee in the commissioner's deed properly applied to have the judgment vacated by the court which had rendered it. The court properly vacated the judgment as to D. H. Penny since its invalidity as to her appeared on the face of the record. That the court's action may have been improper as to other defendants since, as to them, the invalidity did not appear on the face of the rec-

ord and the application was made too late is of no importance since it does not appear that these defendants had any interest in the land. The record owner was in no manner prejudiced thereby. Any cloud upon her title to the land created by entry of the foreclosure decree was removed by the order vacating it which had the effect of restoring her title subject to the lien of the mortgage.

A more important attack upon the judgment rests upon appellant's contention that the court's conclusion that its title is expressly made subject to the lien of the respondent's mortgage is entirely outside the issues framed by the pleadings. Conceivably, when the court had found from the evidence presented to it, that the fee title to the land was in appellant, it might properly have rendered judgment that respondent take nothing by his complaint. It is axiomatic that, in a quiet title action, a plaintiff must establish his right to succeed by the strength of his own title and not by the weakness of that claimed by his adversary. Since the court was forced to conclude that respondent herein has no title to the property it might, with perfect propriety, have dismissed the action. However, section 738 of the Code of Civil Procedure, the statute by virtue of whose provisions the present action was instituted, provides that an action may be brought by any person against another who claims an estate or interest in real or personal property, adverse to him. The language of the statute indicates its comprehensiveness and our courts have indulged in very liberal construction of its terms. As was said in *Peterson* v. *Gibbs*, 147 Cal. 1 [81 Pac. 121, 123, 109 Am. St. Rep. 107], "the object of the action is to finally settle and determine, as between the parties, all conflicting claims to the property in controversy, and to decree to each such interest or estate as he may be entitled to." It is obvious, as was pointed out in *Peterson* v. *Gibbs, supra,* that if a plaintiff in an action of this character fails to show any legal interest in the property in controversy, and as to which he asserts title, he must fail altogether. Nevertheless, although claiming to be the owner of title in fee, if it develops from the evidence presented that he owns some lesser estate, e. g., a life estate, the court is warranted in so finding. In *Bashore* v. *Mooney,* 4 Cal. App. 276 [87 Pac. 553, 555],

plaintiff sued to quiet his title to a certain water ditch alleging ownership in fee. The court found and determined that plaintiff was the owner of an easement. On appeal it was urged that the court's findings were insufficient by reason of the allegation in the complaint that plaintiff was the owner in fee of the ditch. This objection was not upheld, the appellate court remarking: "that plaintiff claimed title in fee did not preclude the court from finding a right or ownership in the nature· of an easement; the greater title alleged included the lesser. The judgment may not exceed the demand of the complaint, but there is no rule that would prevent the court from granting less relief than that demanded." In *Bailey* v. *Cox*, 102 Cal. 333 [36 Pac. 650], it is said: "A mortgage lien upon real property is an interest therein." In *Burns* v. *Hiatt*, 149 Cal. 617 [87 Pac. 196, 117 Am. St. Rep. 157], it was held that the grantee of the mortgagor who took subject to the lien of a mortgage, could not maintain an action to quiet his title against the mortgagee nor recover possession from him without paying or offering to pay the mortgage debt, although it was barred by the statute of limitations. The trial court held that the plaintiff was owner in fee simple and entitled to possession of the property, but that he owned the same subject to the rights of the defendant under a certain mortgage. Both plaintiff and defendant appealed, the latter from the judgment in plaintiff's favor and the former from that portion of the judgment decreeing that his ownership of the property was subject to the rights of defendant under the mortgage. It was specifically held that the plaintiff could not complain of the judgment as he was not entitled to a judgment decreeing him to be the owner of the property free and clear of the mortgage. Conversely, we are of the opinion that the defendant herein may not complain of a judgment decreeing that it was the owner in fee of the land in controversy but that its ownership is subject to the lien of a mortgage given to secure the payment of a debt which has not been paid. Its ownership of the fee-simple title to the property is not disputed. The judgment specifically determines it. Its possession of the mortgaged premises is not disturbed. There is no pretense that the debt to secure whose payment the mortgage was given has been paid. The mortgage lien on the land was not foreclosed by a void decree of foreclosure

properly vacated. Appellant has, therefore, no valid cause of complaint.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.