[Civ. No. 842. Fourth Appellate District.—March 23, 1933.]

GEORGE W. GOODFELLOW, Plaintiff and Appellant, v. SUSIE F. BARRITT, as Administratrix, etc., et al., Defendants and Respondents.

GEORGE W. GOODFELLOW, Plaintiff and Respondent, v. SUSIE F. BARRITT, as Administratrix, etc., et al., Defendants and Appellants; C. W. BARRITT et al., Defendants and Respondents.

Hugh Goodfellow and Thomas Ashby for Plaintiff and Appellant.

W. H. Stammer and H. E. Dwelle for Defendants and Appellants.

James P. Sweeney for Defendants and Respondents.

JENNINGS, J.—The appeals which are here presented have been taken by the plaintiff and by one of the defendants, personally and as administratrix of the estate of her husband, who was originally named as a defendant and who died during the pendency of the action, from the modified judgment rendered by the trial court.

Plaintiff's third amended complaint contains two causes of action. By the first cause of action it is sought to quiet plaintiff's title to certain real property therein described. By the second cause of action the equitable remedy of reformation is sought to be applied to the deed whereby the real property described in the first cause of action was conveyed to plaintiff by defendant Susie F. Barritt and her husband, R. T. Barritt, since deceased.

A demurrer which was interposed by the defendants to the second cause of action was sustained by the court without leave to amend. The court's order sustaining the demurrer and the effect of this action as reflected in the court's modified judgment furnish the principal complaint voiced by plaintiff on his appeal. This objection will be first considered.

It is alleged in the second cause of action in plaintiff's third amended complaint that in the year 1920 R. T. Barritt and Susie F. Barritt owned certain land described in an instrument which was by reference incorporated in said pleading as exhibit "B"; that B. F. Barritt and Belle A. Barritt owned other parcels of land described in instru-

ments marked exhibits "C" and "D" likewise incorporated in the pleading; that C. W. Barritt, Phronie Barritt, R. T. Barritt and Susie F. Barritt owned a fourth parcel of land described in the instrument marked exhibit "E" which was also by reference made a part of the pleading; that at various times during the year 1920 plaintiff discussed orally with B. F. Barritt the project of plaintiff's purchasing the said parcels of land from the owners and that in such discussions and the transactions that later ensued B. F. Barritt acted as the duly authorized agent of all the owners. It is then alleged that at a conference held on October 20, 1920, it was orally agreed between plaintiff and B. F. Barritt that the aforesaid owners would sell and that plaintiff would buy said parcels of land and the terms of the sale were agreed upon and that one of such terms of sale was that the owners of the land would reserve one-half the oil rights in each of said parcels and that to effect such reservation the owners should not reserve an undivided one-half of all the oil rights in each parcel but should reserve all the oil rights in a divided portion of each of said parcels and that for the purpose of making said reservation the various parcels should all be similarly divided in such manner as would effect the reservation of one-half the oil rights in each parcel and that the oil rights so reserved should be reserved in the same respective portion of each parcel and that plaintiff at said time orally agreed that B. F. Barritt should determine the manner in which said parcels should be divided and the respective portions in which the oil rights should be reserved. It is alleged that B. F. Barritt stated to plaintiff that he would cause deeds to be prepared conveying the parcels of land to plaintiff and containing the reservations of one-half the oil rights in each parcel as agreed upon; that plaintiff believed said statement and in reliance thereon orally agreed that B. F. Barritt should cause the deeds to be prepared and should deposit them in escrow pending completion of the sale and that it was understood and agreed by plaintiff and B. F. Barritt that plaintiff would rely upon Barritt's preparing and depositing the deeds without further action on plaintiff's part. The following allegation is then made: "That thereafter and pursuant to said oral agreement said B. F. Barritt chose to

reserve the oil rights in the easterly portion of each of the said parcels of land so agreed to be sold.''

The pleading alleges that on November 6, 1920, B. F. Barritt caused the deeds to be prepared and that they were deposited in escrow to be delivered to plaintiff or recorded upon completion of the sale; that thereafter on December 15, 1920, plaintiff and B. F. Barritt, R. T. Barritt and C. W. Barritt executed a certain written agreement which embodied the terms of the oral agreement of October 20, 1920; that, at the time the written agreement was signed, B. F. Barritt stated to plaintiff that the deeds which had been prepared and executed were in the form agreed upon orally on October 20, 1920; that B. F. Barritt knew that plaintiff would rely upon such statement; that in fact the deeds did not contain oil reservations in the form provided by the oral agreement but differed therefrom; that plaintiff, relying on said statement, signed the written agreement under the mistaken belief that the deeds did conform to the previous oral agreement; that the various owners knew that plaintiff signed the written agreement under the belief that the deeds conformed to the previous oral agreement and that B. F. Barritt, R. T. Barritt and Susie F. Barritt knew the contents of the deed which conveyed the real property, title to which is in dispute in the present action, and knew that this deed was not in the form provided by the terms of the oral agreement.

It is then further alleged that prior to any of the times mentioned in the pleading the United States Government was the owner of section 28 and that when the United States Government conveyed its title to the southwest quarter of said section it reserved the oil rights from such conveyance, as a consequence of which reservation the south half of said section 28 contained oil rights only in the east half thereof and that therefore, when R. T. Barritt and Susie F. Barritt in their deed conveying the south half of said section 28, reserved the oil rights in the southeast quarter of said section they reserved all the oil rights there were in the parcel so conveyed and deprived plaintiff of one-half of such rights, contrary to the terms of the oral agreement whereby they were to reserve for themselves only one-half of such rights in said parcel. It is alleged that because of the failure of the vendors to execute deeds re-

serving but one-half of the oil rights in each parcel of land conveyed in accordance with the oral agreement of October 20, 1920, both the written agreement of sale and the deeds which were executed do not represent the true intention of the parties and do not correctly evidence the actual agreement entered into between them. The prayer of the complaint is that the written agreement of December 15, 1920, and the deed from R. T. Barritt and Susie F. Barritt conveying to plaintiff the south half of section 28, be reformed so as to reserve to the grantors only the oil and gas in the east half of the southeast quarter of section 28.

The original complaint in the action was filed on May 12, 1927, approximately six and one-half years after the execution of the deed and the written agreement which plaintiff seeks to reform.

Examination of the various deeds which by reference are incorporated in plaintiff's complaint shows that four parcels of land were conveyed to plaintiff and that in each deed the grantors made a reservation of all the oil and gas in the east half of the parcel so conveyed with one exception, which is apparently either a typographical mistake or an error in description made by the person who drew the deed. This single exception occurs in exhibit "D". The property conveyed by this deed is the east half of the southwest quarter and the southwest quarter of the southeast quarter and lot 4 in section 4, and the southeast quarter of section 34. The reservation of oil and gas is specified to apply to the east quarter of the east quarter of the southwest quarter and the east half of lot 4 of section 4 and the east half of the southeast quarter of section 34. Even this reservation correctly specifies that it shall apply to the east half of the particular parcel mentioned with the single exception of the reservation as to oil and gas in the "east quarter of the east quarter of the southwest quarter". Whatever this description may mean it is at least apparent that thereby the grantors reserved no more than the oil and gas in the east half of the east half of the southwest quarter of section 4. Disregarding this single exception it is obvious that the grantors in each deed reserved the oil and gas in the east half of each parcel conveyed.

■ When the allegations contained in the second cause of action are considered it is apparent that the deed and written agreement which are sought to be reformed are in exact conformity with the alleged oral agreement of October 20, 1920. By the oral agreement it was agreed, first, that the owners should reserve one-half of all oil rights in each parcel to be conveyed; second, that the owners should reserve all the oil rights in a divided portion of each parcel; third, that the various parcels should be divided similarly and the oil rights to be reserved should be reserved in the same respective portion of each parcel; fourth, that B. F. Barritt should determine the manner in which the parcels should be divided and the respective portions in which the oil rights should be reserved; fifth, that B. F. Barritt should have deeds prepared containing reservations of one-half of the oil rights in each parcel. It is further alleged that after the oral agreement of October 20, 1920, had been made and "pursuant to such agreement", B. F. Barritt chose to reserve the oil rights in the easterly portion of each parcel of land. As above noted, the deeds indicate that the reservation of oil rights in each parcel of land was made in the easterly half of each parcel, which was in exact conformity with the oral agreement.

It is plaintiff's contention that the oral agreement of October 20, 1920, was that the grantors should reserve one-half of all oil rights in each parcel of land to be conveyed and that because of the prior reservation of the United States Government of all oil rights in the southwest quarter of section 28, oil rights remained only in the southeast quarter of said section and when the grantors reserved the oil rights in the east half of the south half of said section they reserved not one-half of such rights but all of the oil rights in this particular parcel. ■ To sustain this contention would amount to making a new contract between the parties. A court of equity has no such power (*Ward* v. *Yorba*, 123 Cal. 447 [56 Pac. 58]; *Hochstein* v. *Berghauser*, 123 Cal. 681 [56 Pac. 547]; *Mabb* v. *Merriam*, 129 Cal. 663 [62 Pac. 212]; *Wilson* v. *Shea*, 194 Cal. 653 [229 Pac. 945]). The oral agreement as described in the pleading was that the deeds should reserve all oil rights in the same respective portion of each parcel similarly divided and

it is alleged that pursuant to the agreement B. F. Barritt chose to reserve all oil rights in the east half of each parcel. A further reason appears for affirming the court's order sustaining the demurrer to the second cause of action. It is apparent that the second cause of action seeks reformation of the written instruments on the ground of mistake.

It is well established that a mistake which is relied upon as the ground for reformation of a written instrument must be either a mutual mistake or a mistake of the party seeking reformation which was known or suspected by the other party to the agreement. (*Auerbach* v. *Healy*, 174 Cal. 60, 63 [161 Pac. 1157].) Close scrutiny of the allegations by which the pleader has set forth the facts which he asserts warrant reformation of the instruments indicates that the mistake relied upon is that there were no oil rights in the southwest quarter of section 28. There is, however, no allegation in the second cause of action that B. F. Barritt either knew or did not know of the prior reservation of the United States Government, which had the effect of rendering unavailable to any subsequent purchaser oil rights in the southwest quarter of said section. For all that appears on the face of the pleading, B. F. Barritt may have known of the prior reservation and may not have known or suspected that the plaintiff was ignorant of its existence.

It must be presumed that the pleader has stated the facts as favorably to himself as was possible (*Silver Creek* v. *Hayes*, 113 Cal. 142 [45 Pac. 191]; *Silvers* v. *Grossman*, 183 Cal. 696, 697 [192 Pac. 534]), and the pleading must be construed most strongly against the pleader. (*Nason* v. *Lingle*, 143 Cal. 363, 366 [77 Pac. 71]; *Kleinclaus* v. *Dutard*, 147 Cal. 245, 250 [81 Pac. 516].)

The demurrer to the second cause of action in addition to being a general demurrer also attacked the pleading on the ground that the cause of action was barred by the statute which requires that an action based on fraud or mistake shall be brought within a period of three years after discovery of such fraud or mistake. (Sec. 338, Code Civ. Proc., subd. 4.) It appears that in sustaining the demurrer the court was of the opinion that the facts alleged in the pleading were not sufficient to establish a cause of action for reformation and that, if they were sufficient, the cause of action was barred by the statute of limitations and

by plaintiff's laches in bringing the action. In this conclusion we entertain the opinion that the court was correct. As heretofore pointed out, it is our view that the pleading is vulnerable to the attack presented by the general demurrer. However, if it be assumed that the pleading properly sets forth a cause of action for reformation based upon mistake, we think that it shows on its face that it is barred by the statute of limitations. Subdivision 4 of section 338 of the Code of Civil Procedure provides that an action for relief on the ground of fraud or mistake shall be commenced within three years after the cause of action has accrued and that the cause of action in such case shall not be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake. The allegations of the pleading show that the instruments sought to be reformed were executed in the months of November and December of the year 1920. This action was commenced on May 12, 1927. A period of approximately six years and five months intervened after the written agreement of December 15, 1920, was executed before the action seeking its reformation was commenced. It is obvious that, except for a proper showing respecting the discovery of the mistake relied upon as the ground for reformation, the cause of action would be barred. (*Phelps* v. *Grady,* 168 Cal. 73, 77 [141 Pac. 926].) The allegations of the pleading must therefore be examined for the purpose of learning what averment of discovery is therein contained.

It is alleged in the complaint that during the time when the oral agreement was made and the deeds prepared and executed and the written agreement executed plaintiff was not a resident of Fresno County or of Kings County, but was a resident of San Bernardino County and of the state of Nevada and "during the times herein specified and set forth and ever since, plaintiff has been out of the state of California and in sections of the state of California other than said counties of Fresno and Kings, practically all of the time" and for a long time remained ignorant of the fact that the whole of the oil rights in the south half of section 28 had been reserved by the grantors in their deed of November 6, 1920, and in the written agreement of December 15, 1920. It is then alleged that during the latter part of the year 1923 plaintiff met one John G. McGlashan, a resi-

dent of Kings County, in Kings County, and that Mc-
Glashan suggested to plaintiff that he might be able to
secure a purchaser for the lands conveyed to plaintiff by
the Barritts and at said time plaintiff and McGlashan ad-
vised of and concerning the said lands and plaintiff's rights
therein and that some time about December 1, 1924, plaintiff
again met McGlashan in Kings County and received the in-
formation from McGlashan that he did not own or have
secured to him any right, title or interest in and to one-
half of the oil rights in the south half of section 28.

It is apparent that the only reason alleged for the failure
of plaintiff to have made an earlier discovery of the fact
that no oil rights in the south half of section 28 were avail-
able is that, during the four-year period which intervened
between the date of the execution of the instruments sought
to be reformed and the date on which plaintiff received
the information from McGlashan, plaintiff was not a resi-
dent of Fresno County or Kings County, but resided either
in San Bernardino County or in the state of Nevada or
elsewhere in California and that during said period he was
absent from the state of California and that he was in
sections of the state other than Fresno and Kings Counties
"practically all of the time". The phrase "practically all
of the time" is palpably vague and indefinite. Equally
vague is the allegation that during the four-year period
plaintiff was either outside the state or in sections of the
state other than the two counties mentioned. Conceivably,
during three years and eleven months of this period plaintiff
may have spent all of his time in some unnamed county in
California adjacent to one of the two counties mentioned
and it is likewise conceivable that plaintiff may have been
a frequent visitor to the two counties mentioned and may
have had ample opportunity to discover either from public
records or otherwise that because of the prior reservation
by the United States Government of all oil rights in the
southwest quarter of section 28, oil rights remained only in
the southeast quarter of section 28, which had been selected
by B. F. Barritt as the part in which the Barritts would
reserve all oil rights, which selection was alleged to have
been made pursuant to the oral agreement between plaintiff
and B. F. Barritt. While it is true that courts will
not lightly seize upon some small circumstance to deny

relief to a person plainly shown to have suffered loss through fraud or mistake (*Victor Oil Co.* v. *Drum,* 184 Cal. 226 [193 Pac. 243]), it is equally true that a complaint seeking equitable relief on the ground of fraud or mistake which shows on its face that the fraud was perpetrated or the mistake occurred more than three years prior to the commencement of the action must contain full and complete showing of the times and circumstances under which the facts constituting the fraud or mistake were brought to plaintiff's knowledge so that the court may determine whether the discovery of the facts was within the time alleged (*Lady Washington Co.* v. *Wood,* 113 Cal. 482 [45 Pac. 809, 810]; *Bradbury* v. *Higginson,* 167 Cal. 553 [140 Pac. 254]; *Consolidated Reservoir & Power Co.* v. *Scarborough,* 216 Cal. 698 [16 Pac. (2d) 268]; *Collins* v. *Texas Co.,* 123 Cal. App. 60 [10 Pac. (2d) 773]). As was said in *Lady Washington Co.* v. *Wood, supra,* " 'Discovery' and 'knowledge' are not convertible terms and whether there has been a 'discovery' of the facts 'constituting the fraud' within the meaning of the statute of limitations, is a question of law to be determined by the court from the facts pleaded." The same rule is applicable to actions for relief on the ground of mistake and the above-quoted language is apposite to the pleading under consideration. We are therefore of the opinion that if it be assumed that the pleading alleges sufficient facts to constitute a cause of action, the court's action in sustaining the demurrer was correct for the reason that the complaint shows on its face that the cause of action for reformation was barred by the statute of limitations.

We are also of the opinion that the pleading shows on its face that the plaintiff was guilty of laches which precludes the relief sought. It is alleged that "some time about the first of December, 1924," plaintiff was informed that he did not own or have secured to him any right, title or interest in and to one-half of the oil rights in the parcel of land conveyed to him by the deed here sought to be reformed. It also appears upon the face of the complaint that at some time subsequent to December 1, 1924, and prior to the institution of this action, B. F. Barritt died. The exact date of his death is not stated, but in paragraph VII of the second cause of action it is alleged that on May 10,

1926, B. F. Barritt, together with other named defendants, entered into a certain agreement of lease whereby the lessors granted to the lessees the exclusive right to drill for, develop, and remove petroleum from certain land located in the southeast quarter of section 28, a part of which land was located in the west half of the southeast quarter of section 28, the very land in which plaintiff claims to be entitled to all oil rights. It is nowhere alleged that plaintiff was ignorant of the execution of this lease and in accordance with the familiar rule that the pleading must be construed most strongly against the pleader, we are entitled to assume that plaintiff had knowledge of the execution of the aforesaid lease. At the time of its execution, therefore, plaintiff had known of the prior reservation by the United States Government of oil rights in the southwest quarter of section 28 for a period of seventeen months. Nevertheless, although this lease interfered most materially with the valuable rights claimed by him on his theory that because of mistake the deed from R. T. Barritt and Susie F. Barritt did not conform to the oral agreement whereby he was to have one-half of the oil rights in the south half of section 28, he took no immediate action to protect these rights. On the contrary, he permitted another year to elapse before he sought the aid of a court of equity to reform the written instruments which he claims do not conform to the oral agreement which he made with B. F. Barritt. At some time during this year B. F. Barritt died.

█ Among the most familiar maxims of equity incorporated in the Civil Code of California is the following: "Equity helps the vigilant, before those who sleep on their rights." (Sec. 3527, Civ. Code.) This fundamental principle of equitable jurisprudence is also expressed in the aphorisms that "equity abhors stale claims" and "equity will not relieve against culpable negligence or inexcusable laches" (10 Cal. Jur., p. 521). Nevertheless, in spite of equity's abhorrence of stale claims and its desire to aid the vigilant rather than the slothful, in the development of the doctrine of laches, it has become firmly established that something more than mere delay is required to sustain the claim that the remedy sought is barred. In addition to delay, it seems that it must also appear that the defendant or some other person will suffer prejudice or there must be

such lapse of time that it may reasonably be assumed that such prejudice will result if the remedy is allowed (*Cahill* v. *Superior Court,* 145 Cal. 42 [78 Pac. 467]).

Among the circumstances from which it might readily appear that prejudice would result if a claim long deferred is upheld is the death of a party or of some important witness (*Bell* v. *Hudson,* 73 Cal. 285 [14 Pac. 791, 2 Am. St. Rep. 791]; *Burke* v. *Maguire,* 154 Cal. 456 [98 Pac. 21]; *McCarthy* v. *McColgan,* 99 Cal. App. 492 [278 Pac. 918]). In the instant case, it appears upon the face of the complaint that plaintiff delayed assertion of his claim to the oil rights in the west half of the southeast quarter of section 28 for a period of almost two and a half years after he had been fully informed that the deed which conveyed title to the land to him did not secure to him any oil rights in the land and until after the one man with whom he alleges he made the oral agreement in accordance with which he desires to have the instrument reformed had died. B. F. Barritt was the one individual other than plaintiff who could have explained the transaction of October 20, 1920, which is the foundation of plaintiff's demand for equitable relief. An entirely unexplained delay of two years and five months after plaintiff had been informed of what he claims is a mistake, together with the additional fact appearing in the complaint that no demand for relief was made until after B. F. Barritt's death, amply justified the trial court's action in sustaining the demurrer on the ground of laches. It is well established in California that the defense of laches may be raised by demurrer. (*Kleinclaus* v. *Dutard, supra; Ewald* v. *Kierulff,* 175 Cal. 363 [165 Pac. 942]; *Garrity* v. *Miller,* 204 Cal. 454 [268 Pac. 622].)

The defendant Susie F. Barritt personally and as administratrix of the estate of R. T. Barritt, her husband, also appeals from the modified decree rendered by the court upon the conclusion of a trial of the issues raised by the first cause of action of plaintiff's complaint and the answers filed by the various defendants who appeared in the action.

As heretofore noted, the first cause of action alleged ownership in fee of the west half of the southeast quarter of section 28, township 23 south, range 19 east, M. D. B. & M., in plaintiff, that the various defendants and each of them claimed an estate or interest therein adverse to plaintiff,

which was alleged to be without right. The prayer of the complaint was that it be adjudged that the defendants have no estate or interest in the land and that plaintiff's title is good and valid. Answers to the first cause of action were filed by defendants C. W. Barritt and Phronie Barritt and by defendant Susie F. Barritt, who was sued personally and as administratrix of the estate of R. T. Barritt. The answer of C. W. Barritt and Phronie Barritt denied that the plaintiff was the owner in fee and entitled to the possession of the land described in the complaint and contained an averment that C. W. Barritt was the owner in fee simple of an interest in the land free from all claims of plaintiff. The answer of defendant Susie F. Barritt, alleged that R. T. Barritt was the husband of Susie F. Barritt; that during his lifetime he made his will devising and bequeathing to Susie F. Barritt one-half of all his real and personal property and to his daughter one-half of such property; that R. T. Barritt died on July 14, 1921; that thereafter on December 23, 1927, Susie F. Barritt was duly appointed administratrix with the will annexed of R. T. Barritt's estate and qualified as such administratrix; that during his lifetime and at the time of his death R. T. Barritt was the owner of all the oil and gas in the land described in the complaint and that such ownership was community property of R. T. Barritt and Susie F. Barritt; that at all times since the death of R. T. Barritt, Susie F. Barritt has been the owner of an undivided three-fourths of all the oil and gas in said land subject only to the administration of the estate of her deceased husband; that defendant Susie F. Barritt as administratrix of her husband's estate has, at all times, subsequent to her appointment as administratrix, been entitled to the possession of all of the oil and gas in said land and that the rights of Susie F. Barritt personally and as administratrix of her husband's estate as alleged are paramount and superior to the rights of plaintiff.

The record shows that during the trial of the action not a syllable of evidence was produced by the defendants C. W. Barritt and Phronie Barritt in support of the allegation of their answer that C. W. Barritt was the owner in fee simple of an interest in the land described in plaintiff's complaint. The record further shows that a deed conveying the south half of section 28 to plaintiff executed by R. T.

Barritt and Susie F. Barritt on November 6, 1920, was admitted in evidence and that this deed contained a specific reservation to the grantors of all oil and gas in the east half of section 28. Proof of R. T. Barritt's death and the appointment of Susie F. Barritt as administratrix of his estate was offered by the defendant Susie F. Barritt and admitted. R. T. Barritt's will was also admitted in evidence. This defendant testified to the date of her marriage with R. T. Barritt and on her behalf a deed conveying the south half of section 28 to R. T. Barritt subsequent to such marriage was offered in evidence, but objection by plaintiff to its admission was sustained and the instrument was rejected. The court by its modified decree adjudged that plaintiff is the owner in fee of the real property described in the first cause of action of plaintiff's complaint subject to the right, title and interest of the defendants Susie F. Barritt, as administratrix with the will annexed to the estate of R. T. Barritt, deceased, Susie F. Barritt, Phronie Barritt and C. W. Barritt, to the oil and gas therein and the right to enter upon the said premises at all times to prospect or extract the same and all of the rights incident to the prospecting for and removing said oil and gas by said designated defendants.

Plaintiff and defendant Susie F. Barritt, in her capacity as administratrix, and Susie F. Barritt personally complain of the modified decree thus rendered and of the findings and conclusions of law upon which the decree is based. The objection of these parties is that by the modified decree the defendants C. W. Barritt and Phronie Barritt are presented with an unsought gift of an interest in the oil rights in the land at the expense of Susie Barritt and the estate which she represents and that a greater restriction is thereby placed on plaintiff's ownership than was claimed by the pleadings or warranted by the evidence. The objection thus presented appears to be well taken. As heretofore noted, not a syllable of evidence was produced which tended to show that C. W. Barritt and Phronie Barritt or either of them ever owned or had any right to the possession of any interest in the oil rights. The only allegation contained in the answer filed by defendants C. W. Barritt and Phronie Barritt which sets up any claim to an interest of any character in the land is contained in the second paragraph of the

answer, which denies that said defendants claim an estate or interest in the land adverse to plaintiff and avers that the defendant C. W. Barritt is the owner in fee simple of an interest in the land free from all claims of plaintiff. It is thus apparent that it is not even claimed that Phronie Barritt has an interest of any character in the land and the vague averment that C. W. Barritt owns an indefinite, undescribed interest therein unsupported by any proof did not warrant the court in concluding that these defendants are entitled to share in the oil rights in the southeast quarter of section 28, plainly reserved to the grantors, R. T. Barritt and Susie F. Barritt, in their deed of November 6, 1920.

While, however, the plaintiff and defendants who have presented their appeals from the modified decree are in accord that the decree is erroneous for the reasons stated, they do not agree as to the mode whereby the error may be rectified. Plaintiff contends that he is entitled to a reversal of the judgment and a retrial of the action. Defendant Susie F. Barritt, both personally and in her capacity as administratrix, maintains that this court should make findings consistent with the evidence presented by the record, draw the conclusions of law which are warranted by the findings thus made and direct the trial court to enter a decree in conformity therewith. We find ourselves impelled to agree with the position taken by the defendants.

The power of an appellate court to make findings based upon the evidence adduced before the trial court is specifically conferred by section 956a of the Code of Civil Procedure. The concluding sentence of this section declares that the statute "shall be liberally construed to the end, among others, that wherever possible causes may be finally disposed of by a single appeal and without further proceedings in the trial court, except where the interest of justice requires a new trial". We are unable to discover from the record herein that a new trial is required in the interest of justice and the case appears to be peculiarly one where final disposition should be made on the appeals here presented without further proceedings in the trial court.

It is to be remembered that we are here dealing with an action to quiet plaintiff's title to certain land in which the defendants claim a definite interest. It is well established that, in an action of this character which is

brought for the purpose of determining any adverse claim that may be asserted by a defendant to the land in controversy, the object sought is not simply to ascertain, as against a plaintiff shown to have a legal interest, that the defendant has some undefined interest but that the court shall go further and shall define and declare the interest held by the defendant, if any, so that the plaintiff shall have a decree adjudicating the extent of his interest in the property in controversy and the defendant's estate or interest in the land shall likewise be settled and determined by the judgment (*Peterson* v. *Gibbs,* 147 Cal. 1 [81 Pac. 121, 109 Am. St. Rep. 107] ; *Title Ins. Co.* v. *Miller & Lux,* 183 Cal. 71, 88 [190 Pac. 433] ; *Pitcairn* v. *Harkness,* 10 Cal. App. 295 [101 Pac. 809] ; *White* v. *McManus,* 69 Cal. App. 50, 51 [230 Pac. 472] ; *Hurt* v. *Pico Investment Co.,* 127 Cal. App. 106 [15 Pac. (2d) 203]).

In conformity with the above-stated rule, it becomes proper to inquire what interest or estate in the land in controversy is shown by the evidence adduced to have been established in the defendants Susie F. Barritt as administratrix and Susie F. Barritt personally.

As heretofore stated, during the trial of the action there was offered in evidence and marked for identification a deed executed on March 4, 1918, conveying to R. T. Barritt the south half of section 28. The offer was refused and the deed rejected. It is our opinion that the deed should have been received in evidence and that the court erred in rejecting it. Had the instrument been admitted it would have established that the land conveyed thereby, together with the oil rights appurtenant thereto, was community property of R. T. Barritt and Susie F. Barritt. The reservation of oil rights by R. T. Barritt and Susie F. Barritt preserved the ownership of such rights as community property. Since this ownership was community property only an undivided one-half of such oil rights was subject to testamentary disposition by R. T. Barritt. By his will of June 11, 1921, R. T. Barritt devised and bequeathed to Susie F. Barritt an undivided one-half of all property which he owned. By the will, therefore, Susie F. Barritt acquired an additional one-fourth in the oil rights subject only to the administration of the estate of R. T. Barritt, deceased. The estate of R. T. Barritt, and Susie F. Barritt as administratrix thereof,

is shown by the aforementioned evidence to be entitled to possession of an undivided one-half of the oil and gas in the land.

This court therefore makes the following findings to take the place of the findings heretofore made by the trial court:

"(1) That each and all of the allegations of paragraph I of the first cause of action in the third amended complaint are true.

"(2) Plaintiff is the owner in fee and entitled to the possession of that certain parcel of land situate in the county of Kings, state of California, and described as follows, to wit:

"The west one half (W½) of the southeast one-quarter (SE¼) of section 28, township 23 south, range 19 east, M. D. B. & M., except the oil and gas therein; subject to the rights of the defendants Susie F. Barritt and Susie F. Barritt as administratrix with the will annexed of the estate of R. T. Barritt, deceased, as hereinafter found and specified.

"(3) That during his lifetime and at the time of his death R. T. Barritt was the owner and entitled to the possession of all of the oil and gas in that certain real property situate in the county of Kings, state of California, described as follows, to wit:

"The west one half of the southeast one quarter (W½ of SE¼) of section 28, township 23 south, range 19 east, M. D. B. & M., together with the right to enter upon said real property at all times to prospect for and extract the said oil and gas therefrom, and all of the rights incident to the prospecting for and removing of said oil and gas.

"(4) That each and all the allegations in paragraphs I, II and IV of the answer of the defendants Susie F. Barritt, and Susie F. Barritt as administratrix to the first cause of action in the third amended complaint are true.

"(5) As against the plaintiff, the defendant Susie F. Barritt as administratrix with the will annexed of the estate of R. T. Barritt, deceased, has been at all times since the 23rd day of December, 1927, and now is entitled to the possession of all of the oil and gas in the west half of the southeast quarter of section 28, township 23 south, range 19 east, M. D. B. & M., together with the right to enter upon said land at all times to prospect for and extract said oil

and gas and all of the rights incident to the prospecting for the removing of said oil and gas.

"(6) As against the plaintiff, the defendant Susie F. Barritt is the owner and entitled to the possession of an undivided three-fourths of all of the oil and gas in the west half of the southeast quarter of section 28, township 23 south, range 19 east, M. D. B. & M., together with the right to enter upon said land at all times to prospect for and extract said oil and gas and all of the rights incident to the prospecting for and removing of said oil and gas, subject only to the administration of the estate of R. T. Barritt, deceased.

"(7) The defendants Belle A. Herrick, as the administratrix with the will annexed of the estate of B. F. Barritt, deceased, Belle A. Herrick, C. W. Barritt, Phronie Barritt, William Gilbert, D. Ogden, and Nathaniel Akst have not, nor has any of them any right, title, claim, or interest in or to said real property or any part or portion thereof, or any of the oil or gas therein, as against the plaintiff.''

From the findings thus made this court draws the following conclusions of law, which are to replace the conclusions of law heretofore drawn by the trial court:

"As conclusions of law from the foregoing facts the court finds that a judgment and decree should be entered in this action ordering, adjudging and decreeing that:

"(1) Plaintiff is the owner in fee of all of the real property described in the first cause of action in said third amended complaint and in the foregoing findings of fact, except the oil and gas therein, subject to the right, title and interest of the defendants Susie F. Barritt and Susie F. Barritt as administratrix with the will annexed of the estate of R. T. Barritt, deceased, as hereinafter specified.

"(2) That the plaintiff has no right, title or interest in or to any of the oil or gas in said real property as against the defendants Susie F. Barritt and Susie F. Barritt as administratrix with the will annexed of the estate of R. T. Barritt, deceased.

"(3) That as against the plaintiff the defendant Susie F. Barritt as administratrix with the will annexed of the estate of R. T. Barritt, deceased, is entitled to possession of all of the oil and gas in said real property, together with the right to enter upon said real property at all times to

prospect for and extract the oil and gas therefrom and all of the rights incident to the prospecting for and removing of said oil and gas.

"(4) That as against the plaintiff the defendant Susie F. Barritt is the owner of an undivided three-fourths of all of the oil and gas in said real property, together with the right to enter upon said real property at all times to prospect for and extract the said oil and gas therefrom and all of the rights incident to the prospecting for and removing of said oil and gas, subject only to the administration of the estate of R. T.. Barritt, deceased.

"(5) That the defendants C. W. Barritt, Phronie Barritt, Belle A. Herrick and Belle A. Herrick as administratrix with the will annexed of the estate of B. F. Barritt, deceased, William Gilbert, D. Ogden, and Nathaniel Akst have not, nor has any of them, any right, title or interest in or to said real property or any portion thereof, or in or to the oil or gas therein, as against the plaintiff."

For the reasons herein set forth the modified decree from which these appeals have been taken is reversed and the trial court is directed to enter its decree in conformity with the findings of fact and conclusions of law hereinabove set forth.

Barnard, P. J., and Marks, J., concurred.