[Civ. No. 16933. Second Dist., Div. Three. July 15, 1949.]

Estate of MARINA A. XYDIAS, Deceased. ANTHONY J. XYDIAS, as Executor, etc., Appellant, v. SOPHIA G. ADAMSON, Respondent.

Jerry Giesler, Ward Sullivan and Walter H. Robinson for Appellant.

Henry Merton for Respondent.

VALLÉE, J.—Appeal by Anthony J. Xydias, executor of the will of Marina A. Xydias, from an order of the probate court quieting title to a parcel of real property in her devisees and against his claims in his individual capacity.

Marina A. Xydias, a resident of Los Angeles, died testate on September 26, 1943, in Manila, Philippine Islands. Her will was admitted to probate in the Superior Court of the County of Los Angeles and letters testamentary issued to Anthony. The will bequeathed and devised all of her property to Anthony for life, remainder to Sofia G. Adamson, her daughter by a prior marriage.

In his petition for probate of the will Anthony referred to the property as an asset of the estate of Marina. On March 12, 1946, he listed the property, referred to as Lot 10, in the inventory in the estate of Marina as property belonging to her estate. He filed the inventory on October 29, 1946. On December 31, 1946, he again listed Lot 10 as an asset of her estate in an amended inventory which he filed January 25, 1947. On July 28, 1946, Anthony filed an amended first and final account and report and a petition for distribution. In the

report he stated that he had conveyed Lot 10 to Marina "and to other relatives" without consideration and in trust for himself for the purpose of convenience and in anticipation of his predeceasing his wife; that upon the conveyance "it was always agreed" it should, except upon his death, be considered his separate estate; that it did not belong to her estate for the reason it never belonged to decedent in her lifetime. Objections were filed by Sofia G. Adamson upon the ground that Anthony failed to charge himself with and account for Lot 10 and the rents collected therefrom.

The probate court found that at her death Marina was the owner of Lot 10 in fee as her sole and separate property and that she did not hold it in trust for Anthony or in trust at all. The order quieted title in the devisees of Marina, decreed that title was vested in, and distribution should be made to, Anthony for life with remainder to Sofia G. Adamson, and directed Anthony to account for all monies received from the property. Anthony appeals.

Appellant contends that the findings are "contrary to the evidence and the law." He argues that there was no evidence of delivery of the deed from himself to Marina with intent to convey title.

The facts, stated in the light most favorable to respondent, are these. On March 8, 1935, the property, referred to as Lot 10, was acquired by Anthony J. Xydias. On July 26, 1936, Anthony married Marina A. Xydias. On August 26, 1936, Anthony conveyed Lot 10 to Marina. This deed was recorded in the county of Los Angeles on September 28, 1936. On November 13, 1939, Marina conveyed Lot 10 to Alex A. Adamson, a single man. On November 22, 1939, Alex conveyed it back to Marina. This deed was recorded in the county of Los Angeles on September 29, 1941. The deed from Anthony to Marina was signed in Houston, Texas. At the time Anthony stated that he wanted to turn his property over to Marina because she had assisted him in a motion picture venture and to protect her. They lived in Houston for about a month thereafter and then moved to Los Angeles where they lived until March 20, 1940, when they went to Manila. The recorder's stamp on the deed from Anthony to Marina says that it was recorded at the request of the grantee. Marina did not understand English well, consequently her daughter Sofia was her constant companion. Between 1936 and sometime in 1939, Sofia, at Marina's request, collected the rent from

Lot 10, made payments to a bank on an encumbrance thereon, paid the taxes and assessments on the property, paid for repairs, all with money supplied by her mother. Before leaving for Manila, Anthony instructed a bank in Los Angeles to collect the rent and deposit it in Marina's account. The deed was destroyed in the burning of Manila. Appellant testified that he retained possession of the deed from the time it was signed until it was destroyed. There was much conflicting evidence. Resolution of the conflict was for the trial court. (*Khoury* v. *Barham*, 85 Cal.App.2d 202, 210 [192 P.2d 823]; *Beadle* v. *Northrup*, 90 Cal.App.2d 510, 512 [203 P.2d 552].)

The evidence supports the implied finding that the deed from Anthony was delivered to Marina with intent that it convey to her an estate in fee simple. Appellant testified, although the recorder's stamp indicates otherwise, that he recorded the deed and cites authority to the effect that the recordation of a deed by a grantor, without the assent of the grantee, does not constitute delivery. The authority is not applicable. The recording of a deed at the request of the grantor is prima facie proof of delivery with intent on the part of the grantor presently to convey title. (*Osterberg* v. *Osterberg*, 68 Cal.App.2d 254, 262 [156 P.2d 46].) It is a fair inference from the evidence that the deed was recorded with the knowledge and assent of Marina. Appellant's inclusion of Lot 10 in the inventories in the administration of Marina's estate alone was sufficient evidence to support a finding of delivery.

 There is another reason why appellant cannot prevail. At the time of the conveyance from Anthony to Marina, Anthony was indebted to a former wife for the support of his minor children by that marriage. His former wife had secured a decree of divorce which ordered him to pay monthly sums for the support of the children. Several orders had been issued directing Anthony to show cause why he should not provide for the children. An action was brought in the Municipal Court of Los Angeles in which the former wife sought to recover for the support of the children. A judgment was rendered therein in her favor on February 4, 1937, for $435. Anthony testified in the present action that his primary object in transferring Lot 10 to Marina was to put it beyond the reach of his former wife. No rule of law is more strictly adhered to than the rule that one who has conveyed his property in order to defraud his creditors, under circumstances such as are present here, cannot thereafter recover from his grantee

that which he has conveyed. The failure of the court to find specifically with respect to the fraudulent nature of the conveyance cannot avail appellant. The evidence as to the fraud is uncontradicted. The facts were admitted by appellant in his testimony and are admitted in his brief. It was the duty of the court as soon as the fraud was disclosed to *sua sponte* withhold all relief and leave the parties where it found them. (*Saint* v. *Saint*, 120 Cal.App. 15, 22 [7 P.2d 374]; *Taylor* v. *Bank of America*, 67 Cal.App.2d 59, 67 [153 P.2d 617]; *Tognazzi* v. *Wilhelm*, 6 Cal.2d 123, 125 [56 P.2d 1227]; 12 Cal.Jur. § 66, p. 1026; see 6 Cal.Jur. § 106 et seq., p. 150.)

Judgment affirmed.

Shinn, P. J., and Wood, J., concurred.