[Civ. No. 8210.   Third Dist.   May 7, 1953.]

HELEN POTTER, Respondent, v. WILFRED J. BOISVERT, Appellant.

Robert A. Zarick and Robert C. Fleming for Appellant.

Emerson W. Read for Respondent.

VAN DYKE, P. J.—In 1936 Helen Potter, plaintiff and respondent herein, and Wilfred J. Boisvert, defendant and appellant, left their respective homes in the east and also their respective spouses and together journeyed to California. Here they lived together and held themselves out to the public as being husband and wife until 1948, when they separated. During the intervening years they ran a grocery store and there was acquired also a residence property in which they lived. Thereafter respondent, Helen Potter, brought an action against Boisvert to have it declared that the grocery business had been a partnership between the two; that for his breach of partnership obligations she had exercised her right to dissolve the same. She asked for an accounting. Appellant answered the complaint and filed a cross-complaint in which he sought a decree adjudging that the residential real property having been purchased with partnership funds belonged to the two equally. He alleged that by agreement between the two the title had been taken in the maiden name of appellant and that as part of the understanding she agreed to hold his interest in trust for him. He charged that she had repudiated this trust and claimed she owned the property wholly. He asked that his interest be declared. The trial court found that the grocery business had been a partnership business and cast the accounts between the parties. With that portion of the decree we are not here concerned. However, responsive to the issues tendered by the cross-complaint and the answer thereto, the court found that when this property had been purchased appellant Boisvert was married, had deserted his wife, had come to California, had here lived and cohabited with respondent as man and wife and was in that relationship when the real property was purchased; that at least the initial payment made thereon was from partnership funds, but that appellant for the purpose of defrauding and deceiving his wife and in order to prevent her from acquiring knowledge of his whereabouts and making claims against him and his property requested respondent to take the deed in

her maiden name, which she did; that appellant continued his attitude of fraud and deceit toward his wife, and continued to conceal his whereabouts and his property from her knowledge until she died; and that now after her death he was seeking a decree of the court to extricate him from the situation in which through fraud and deceit he had placed himself. The court declared respondent was the sole owner of the property. From that portion of the decree so declaring Boisvert appealed.

There is ample support in the testimony for the court's findings. Appellant himself, when asked as to the reason why the title to the property was taken in his paramour's maiden name, declared that the property was deeded to her in that name because he feared that if "his wife ever caught up to" him she would take everything away from respondent and appellant; that his purpose was to keep his wife from learning about his acquisition of the property and claiming a right to share in it and that such was his only purpose in having the title vested of record in respondent; " ' ' "He who comes into equity must come with clean hands. . . . Whenever a party, who, as *actor,* seeks to set the judicial machinery in motion and obtain some remedy, has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him *in limine;* the court will refuse to interfere on his behalf, to acknowledge his right, or to award him any remedy." ' " (*Taylor* v. *Bank of America,* 67 Cal.App.2d 59, 68 [153 P.2d 617] ; *Allstead* v. *Laumeister,* 16 Cal.App. 59 [116 P. 296] ; Pomeroy's Equity Jurisprudence, §§ 397, 401; *Estate of Xydias,* 92 Cal.App.2d 857, 860 [208 P.2d 378].) The application of the foregoing equitable maxims to the situation presented by the appellant's own testimony is clear.

That portion of the judgment appealed from is affirmed.

Peek, J., and Schottky, J. concurred.