[Civ. No. 18965. First Dist., Div. One. Jan. 16, 1961.]

BEN BUTLER, Appellant, v. LUCILLE OWEN BUTLER, Respondent.

Albert J. McGuire for Appellant.

Field, DeGoff & Rieman for Respondent.

TOBRINER, J. — Appellant would reverse a judgment which rejected his request to set aside a joint tenancy deed naming himself and his wife as grantees. He contends that he did not intend to vest in his wife a present interest in the property although he executed, delivered and recorded the deed. Since the judgment is supported by substantial evidence, we have concluded, for the reasons more specifically set out *infra,* that it should be affirmed.

The history of the controversy begins in 1947 when appellant acquired the property in question. Later, in 1951, appellant met respondent; he married her on January 1, 1952. According to appellant, several weeks before the marriage they discussed the property, and she asked that her name be placed on the deed. Again, a few weeks after the marriage ceremony, she insisted, ". . . I want my name on the deed, and let us have it done in a hurry." Appellant testified that he complied with her wishes by having a notary public prepare a deed; that he told the notary that his wife was to get the property only on his death; that the notary asked him if he wanted a "joint tenancy" and he answered, "No, my joint tenancy is when I die she shall get the property on my death and not before." Appellant executed and recorded the deed. He then placed the deed in his safety deposit box; respondent possessed neither the deed nor the key to the box in which it was deposited.

Appellant claimed that in granting the wife the interest in the property he had relied upon her promises that she would provide him a good home. She did not do so; she left him shortly after their marriage, and during the ensuing four years she lived with him for no more than four weeks. Appellant further submitted in evidence certified copies of judgments against respondent for prostitution and for assault and battery, as well as various telegrams which respondent sent him asking for money to get home. Respondent's cross-examination, however, attempted to nullify any reliance of appellant upon her promises as to a good home because he allegedly knew of her previous drinking and doubtful ways.

The court found that appellant "knew the legal effect of his . . . acts and deed" and intended to give respondent a joint tenancy interest in the real property. Further, the court declared that appellant did not rely upon any of respondent's alleged representations. The court denied appellant's request to set aside the conveyance or to quiet title as against respondent's joint tenancy interest and ordered that he "take nothing by his complaint. . . ."

Abandoning the charge that the deed should be set aside because it was procured by fraud, appellant urges three points which we discuss *infra*, none of which justifies a reversal of the judgment. The first attacks the judgment because it did not specifically define the respective interests of appellant and respondent in the property; the second contends that the evidence did not sufficiently support the finding that appellant

intended to vest a present interest in respondent and that he knew the legal effect of his deed; the third urges that the court misconceived the law applicable to the case.

Turning to the first contention, we do not believe the judgment was deficient because it did not define the interests of each of the parties in the property and provided merely that appellant "take nothing by his complaint. . . ." Since the dispute related only to respondent's joint tenancy interest in the property, and since respondent claimed no more than that interest, a judgment against appellant on his complaint sufficed; the decree obviously affirmed the existing deed. The judgment finds support in two decisions.

In *Martin* v. *City of Stockton* (1919), 39 Cal.App. 552 [179 P. 894], defendants answered a complaint in an action to quiet title, claiming title to a portion of the property but disclaiming any interest in the residue. The plaintiff complained on appeal that "no judgment was entered in his favor for the portion of the lots which, it was admitted, he owns." (P. 559.) The appellate court dismissed his contention, saying: "Since, however, defendants disclaimed any interest therein and admitted that plaintiff was and is the owner thereof, no finding thereon was required and no judgment was necessary." (P. 559.)

The reasoning of the court in *Lower Yucaipa Water Co.* v. *Hill* (1958), 157 Cal.App.2d 306 [320 P.2d 877], parallels that of Martin. In affirming the trial court, the decision in the former case states: "Finally, it is contended that since the appellant sought to quiet title to its entire tract of 240 acres, and since the respondents never at any time asserted any claim to any part of that tract except the portion lying between the creek and the road, the court erred in not quieting plaintiff's title in and to the remainder of the tract. . . . The answer and cross-complaint clearly showed that the respondents' claim was limited to the disputed area and that they made no claim to the remainder of appellant's land as described in the complaint. The case was tried solely on that theory, and the findings and judgment were framed to apply to the sole issue thus presented. While the judgment could well have included a provision quieting the appellant's title in the remainder of its land no prejudice appears, and it is unnecessary to remand the cause for the purpose of adding such a provision to the judgment." (Pp. 312-313.)

On the other hand, the two cases cited by appellant do not support his attack upon the judgment. *Hurt* v. *Pico Invest-*

*ment Co.* (1932), 127 Cal.App. 106 [15 P.2d 203], enunciates the rule that a plaintiff who produces a deed that names him as the grantee establishes prima facie that he has a fee simple title. While in the instant case appellant submitted such a deed, he also produced the later deed, which he executed, granting the property to respondent and himself as joint tenants.

In appellant's second case, *Goodfellow* v. *Barritt* (1933),130 Cal.App. 548 [20 P.2d 740], the court dealt with an action to quiet title to land in which the defendants claimed a definite interest. The trial court had adjudged that: " [P]laintiff is the owner in fee of the real property . . . subject to the right, title and interest of the defendants . . . to the oil and gas therein and the right to enter . . . to . . . extract the same. . . ." (P. 563.) One of the defendants objected to the decree, alleging that it imposed a greater restriction on plaintiff's rights than the pleadings claimed or the evidence warranted. The appellate court reversed, directing the trial court to enter its decree in conformity with the appellate court's findings that some of the defendants had been granted interests which they had not claimed. The court made no such findings as to the interest of appellant in the judgment before us.

In the instant case appellant established no basis for further findings or for a further decree as to the rights of the parties. The judgment merely denied appellant's claim to the entire piece of property; it left unimpaired his own interest in it. The judgment did not strip him of his existing joint interest; it rejected his demand for his wife's interest. The court left the title as it was before the commencement of litigation.

Appellant's second argument attacks the sufficiency of the evidence to substantiate the finding that appellant intended to vest a present interest in respondent and that he knew the legal effect of his deed. As we shall point out, the decisions hold that the trial court may ascertain the intent of the grantor in this regard, and, in the instant case, both the testimony and the presumption support its determination.

Despite the testimony that appellant read, executed and recorded the deed, and in face of his allegation in his complaint that he "delivered his deed in Joint Tenancy to . . . [respondent] as her separate property," appellant contends that the court's finding as to his intent and knowledge of the deed is not substantiated. Appellant relies upon his testimony that when he executed the deed he did not intend to divest himself coincidentally of any interest in the property or to

make a gift of it to his wife. He insists, too, that he told the notary who prepared the deed that he did not want his wife to get the property until his death. At best, however, appellant raises a conflict of evidence as to matters upon which the trial court made, and has the obligation to make, findings of fact.

The matter of intention of the grantor is a question of fact to be determined by the trial court. If the inferences on which the court bases its findings are "fairly and reasonably deducible from them, the finding must stand" (*Williams* v. *Kidd* (1915), 170 Cal. 631, 642 [151 P. 1, Ann.Cas. 1916E 703]). The court could properly presume from appellant's execution of a document which he admittedly read that he knew its legal effect.

Moreover, recordation at the request of the grantor constitutes prima facie evidence of delivery with intent presently to convey the interest set forth in the deed. (*Estate of Xydias* (1949), 92 Cal.App.2d 857, 860 [208 P.2d 378]; *Osterberg* v. *Osterberg* (1945), 68 Cal.App.2d 254, 262 [156 P.2d 46]; 2 Witkin, Summary of California Law, Real Property, § 55, p. 910.) Although the presumption of delivery is rebuttable, the burden of refutation rests on the party denying delivery. (*Osterberg* v. *Osterberg, supra,* 68 Cal.App. 2d 254, 263.) In the instant case, appellant did not rebut the presumption; to the contrary his complaint alleges that he "made, executed and delivered his deed in Joint Tenancy to . . . [respondent] as her separate property. . . ." The findings of the trial court as to the delivery supported here by allegation, inference and presumption, are conclusive upon this court. (*Condencia* v. *Nelson* (1960), 187 Cal.App.2d 300, 302 [9 Cal.Rptr. 759].)

The recent case of *Crook* v. *Crook* (1960), 184 Cal. App.2d 745 [7 Cal.Rptr. 892], upholds the finality of fact-finding by a trial court in a situation closely analogous to the instant one. In that case, a husband sought to quiet title to stock which he held in joint tenancy with his wife. Prior to his marriage he had owned the stock as his separate property. After the marriage he placed the stock in his wife's and his own names as joint tenants. Despite the husband's testimony that he had informed his wife that he did not intend to make a gift but only that she take the stock upon his death without necessity of probate, the trial court determined that he had made a gift to his wife and that the parties held the stock in joint tenancy. Speaking through Justice Shoe-

maker, the appellate court affirmed, saying: "Further, the stock being in the names of the parties as joint tenants created a rebuttable presumption of joint tenancy [citations], which alone suffices to give rise to a conflict in the evidence [citations]." (P. 783.)

In the instant case, notwithstanding appellant's testimony concerning his intent, we believe that the salient facts of execution, delivery and recordation of the joint tenancy deed amply substantiate the court's findings that appellant intended at the date of execution to give respondent a joint interest in the property.

Appellant's third point that the court misconceived the law applicable to the case merits but little discussion. The argument rests chiefly upon appellant's interpretations of colloquies between court and counsel as to hypothetical situations not germane here. The decision cited by appellant himself explains that the opinion of the trial judge may be used "as an aid in determining what the trial court may have conceived to have been the vital issues" (*Northern Calif. Power Co.* v. *Waller* (1917), 174 Cal. 377, 381-382 [163 P. 214]). We find no error of the trial court in delineating or applying the law as to the vital issue of this case.

The vital issue turned upon the execution, delivery and recordation of the joint tenancy deed. The inferences and presumptions raised by these facts justify the trial court's finding that appellant realized the effect of the deed and intended to make a gift to his wife; appellant's testimony tending to negate his manifested intent merely raised an issue for resolution by the trier of fact.

We affirm the judgment.

Bray, P. J., and Duniway, J., concurred.