[No. B037938. Second Dist., Div. Seven. Sept. 15, 1989.]

JAMES A. DeROSA, Plaintiff and Appellant, v.
TRANSAMERICA TITLE INSURANCE CO. et al., Defendants and
Respondents.

COUNSEL

Locke, Locke & Rudman and Berry D. Locke for Plaintiff and Appellant.

Allen, Matkins, Leck, Gamble & Mallory, Marvin E. Garrett, John K. McKay, Kimberly M. Futerman, MacArthur & Uribe, J. A. Uribe and Virginia A. Hutchings for Defendants and Respondents.

OPINION

**JOHNSON, J.**—Plaintiff James A. DeRosa (DeRosa) appeals from a summary judgment entered in his action against respondents Transamerica Title Insurance Co. (Transamerica) and Gary S. Smolker (Smolker) for malicious prosecution. We conclude the trial court properly concluded there was no triable issue of fact concerning whether DeRosa was guilty of unclean hands and affirm the judgment.

### STATEMENT OF FACTS AND PROCEEDINGS BELOW.

On March 7, 1979, Transamerica opened an escrow account for the sale of real property by DeRosa and a couple named Wolen to Marilyn Lapitan (Lapitan). A quitclaim deed conveying title to the property and executed by DeRosa and the Wolens was deposited into the escrow account.

A Transamerica employee gave Lapitan and her fiancee, Gary Flint, (Flint) the quitclaim deed prior to the close of escrow. The deed was then recorded by Lapitan.

DeRosa contacted Transamerica and requested Transamerica take the appropriate steps to return title to him. Accordingly, Transamerica retained

Smolker as its attorney to commence an action to reform the title record and quiet title to the property in favor of DeRosa. Smolker was provided with all the pertinent documents and facts concerning the case.

During the course of this underlying action, DeRosa became uncooperative with Transamerica. Following DeRosa's deposition, Smolker advised Transamerica he believed DeRosa was involved in a conspiracy to defraud Transamerica. Transamerica's chief title officer, Arthur Nicholson, requested Smolker to conduct an investigation to determine whether Transamerica could commence an action against DeRosa for this alleged fraud.

Smolker subsequently informed Transamerica he believed it could proceed against DeRosa for fraud and prepared an amended complaint containing such a cause of action. Based upon this advice, Transamerica authorized the filing of the amended complaint to assert a fraud action against DeRosa. Transamerica was never informed by Smolker it should dismiss its action against DeRosa.

The underlying action was tried and DeRosa received a judgment on Transamerica's fraud claim. DeRosa then commenced this action against Transamerica and Smolker for malicious prosecution.

Transamerica moved for summary judgment, or alternatively for summary adjudication of certain issues, arguing the undisputed facts establish it acted with probable cause when it commenced its action against DeRosa because it relied upon Smolker's advice that it had a viable claim. DeRosa opposed the motion, presenting evidence Transamerica was actively involved in the decisions concerning prosecution of the action against him.

The trial court denied the summary judgment motion but granted summary adjudication on the following issues: (1) Transamerica authorized the filing of the amended complaint against DeRosa, (2) Transamerica fully disclosed to its counsel all pertinent facts related to the issues, allegations and theories of liability set forth in the amended complaint, and (3) Transamerica was never advised by its counsel that it should dismiss its action against DeRosa.

Transamerica and Smolker subsequently moved for summary judgment based upon the affirmative defense of unclean hands. In support of their motion, the respondents presented evidence showing DeRosa acted fraudulently in its dealings with Transamerica by misrepresenting his ownership interest in the subject property and by assisting Flint in avoiding creditors by taking title to the property.

In response, DeRosa offered his own declaration denying any fraudulent intent. The trial court, noting it would have found DeRosa guilty of fraud had it sat as the trier of fact in the underlying action, held DeRosa was guilty of unclean hands and granted the summary judgment motion. DeRosa timely appealed.

## DISCUSSION

### I. THE TRIAL COURT PROPERLY GRANTED SUMMARY JUDGMENT.

DeRosa argues the trial court erred in granting summary judgment because a triable issue of fact exists whether he had an intent to defraud Transamerica.[1] We disagree.

Where the defendant moves for summary judgment, his declarations and admissible evidence must either establish a complete defense to the plaintiff's action or conclusively negate a necessary element of the plaintiff's case and demonstrate, under any cause of action, no material factual issue requires resolution by trial. (*Frazier, Dame, Doherty, Parrish & Hanawalt* v. *Boccardo, Blum, Lull, Niland, Teerlink & Bell* (1977) 70 Cal.App.3d 331, 339 [138 Cal.Rptr. 670].) Thus, summary judgment is proper here if respondents conclusively negated a necessary element of DeRosa's claim for malicious prosecution or established a complete defense to that claim.

Under the "unclean hands" doctrine, a party is barred from relief if he has engaged in any unconscientious conduct directly related to the transaction or matter before the court. (*Burton* v. *Sosinsky* (1988) 203 Cal.App.3d 562, 573 [250 Cal.Rptr. 33]; *California Satellite Systems, Inc.* v. *Nichols* (1985) 170 Cal.App.3d 56, 70 [216 Cal.Rptr. 180].) The defense of unclean hands, if proven, will bar prosecution of a malicious prosecution action. (*Pond* v. *Insurance Co. of North America* (1984) 151 Cal.App.3d 280, 292 [198 Cal.Rptr. 517].)

The evidence supporting the summary judgment motion, including DeRosa's own admissions made in his deposition, revealed DeRosa originally sold certain real property to Flint in exchange for a promissory note. Later, DeRosa agreed to become title owner of the property to enable Flint to avoid his creditors or tax liens. However, DeRosa considered Flint the

---

[1] We initially asked the parties to brief whether respondents were collaterally estopped from raising their unclean hands defense by the final judgment rendered in the underlying action. In reply, respondents noted DeRosa failed to assert collateral estoppel below and, therefore, this issue is waived. (*Cohen* v. *Board of Supervisors* (1985) 40 Cal.3d 277, 284 fn. 3 [219 Cal.Rptr. 467, 707 P.2d 840]; *Busick* v. *Workmen's Comp. Appeals Bd.* (1972) 7 Cal.3d 967, 977 [104 Cal.Rptr. 42, 500 P.2d 1386].) We agree and proceed to the merits of the appeal.

true owner of the property and received regular payments from Flint for his initial sale of the property.

The evidence further established DeRosa requested Flint convey title to another person because DeRosa tired of the work involved in participating in real estate deals on Flint's behalf. Flint agreed and the Transamerica escrow was opened to effectuate the exchange. A dispute between DeRosa and Flint arose when Flint unilaterally sold the property to a third party using the quitclaim deed placed in the Transamerica escrow. DeRosa then commenced the action to quiet title. Further, the uncontroverted evidence established DeRosa never revealed his true relationship with Flint to Transamerica although he encouraged it to quiet title in him.

DeRosa presented no evidence opposing the summary judgment motion except his declaration which stated he had no intent to defraud any creditors when he received the quitclaim deed from Flint. DeRosa now argues his declaration was sufficient to raise a triable issue of fact concerning whether he acted with unclean hands.

■ As respondents correctly argue, "when a defendant can establish his defense with the plaintiff's admissions sufficient to pass the strict construction test imposed on the moving party [citation], the credibility of the admissions are valued so highly that the controverting affidavits may be disregarded as irrelevant, inadmissible, or evasive." (*Leasman* v. *Beech Aircraft Corp.* (1975) 48 Cal.App.3d 376, 382 [121 Cal.Rptr. 768]; accord *D'Amico* v. *Board of Medical Examiners* (1974) 11 Cal.3d 1, 21-22 [112 Cal.Rptr. 786, 520 P.2d 10].) ■ Here, DeRosa's own deposition testimony confirms he willingly took and retained title to the property to assist Flint avoid creditors although he knew Flint was the true owner. Based upon this admission, the trial court was free to disregard DeRosa's declaration to the contrary.

DeRosa contends his conduct cannot be construed solely as indicating he acted with a fraudulent intent. Assuming this is true, the unclean hands doctrine would still apply. ■ The doctrine does not require the party seeking relief to be guilty of fraud; it is sufficient if he merely acted unconscientiously. (*Pond* v. *Insurance Co. of North America, supra,* 151 Cal.App.3d at p. 291.) ■ Here, the uncontroverted evidence indicates DeRosa willingly retained title to the property to assist Flint's wrongful conduct and failed to reveal his true interest in the property to Transamerica when he demanded title be quieted in him. The only reasonable inference from this evidence is that DeRosa acted unconscientiously. (See *Potter* v. *Boisvert* (1953) 117 Cal.App.2d 688, 690 [256 P.2d 625] [plaintiff held guilty

of unclean hands where he transferred title to third party to avoid possible loss of property to his wife].)

■ Finally, DeRosa argues his malicious prosecution action is unrelated to his conduct in assisting Flint to defraud his creditors and, therefore, the unclean hands doctrine should not apply. This argument is meritless.

The malicious prosecution action arose from the earlier quiet title action which was instituted by DeRosa and prosecuted on his behalf by Transamerica. Transamerica proceeded with the underlying action based upon DeRosa's representations concerning his ownership of the property and his relationship with the various parties involved. It was only because DeRosa concealed the true facts underlying the conveyance and his ownership interest that Transamerica became involved and, subsequently, proceeded against DeRosa for fraud. Thus, it is manifest the instant action is directly related to DeRosa's unconscionable conduct in the underlying action. Accordingly, the unclean hands doctrine applies to bar DeRosa's action.

## II. THE UNCONTROVERTED EVIDENCE ESTABLISHES TRANSAMERICA HAD PROBABLE CAUSE WHEN IT COMMENCED ITS FRAUD ACTION AGAINST DEROSA.

■ Transamerica argues the judgment may be affirmed because the uncontroverted evidence presented in its first motion for summary judgment established it acted with probable cause. DeRosa does not respond to this argument. Although we need not address this issue since we previously concluded summary judgment was proper, we briefly discuss the merits below since it provides an alternative basis for affirming the judgment as to Transamerica.[2] ■ The plaintiff in a malicious prosecution action must establish the prior action brought against him was (1) commenced by or at the direction of the defendant, (2) terminated in the plaintiff's favor, (3) commenced without probable cause, and (4) initiated with malice. (*Sheldon Appel Co.* v. *Albert & Oliker* (1989) 47 Cal.3d 863, 871 [254 Cal.Rptr. 336, 765 P.2d 498]; *Grindle* v. *Lorbeer* (1987) 196 Cal.App.3d 1461, 1465 [242 Cal.Rptr. 562].)

■ "Probable cause may be established by the defendants in a malicious institution proceeding when they prove that they have in good faith consulted a lawyer, have stated all the facts to him, have been advised by the lawyer that they have a good cause of action and have honestly acted upon the advice of the lawyer." (*Luchesi* v. *Giannini & Uniack* (1984) 158

---

[2] An order denying summary judgment is reviewable on appeal from the final judgment. (Code Civ. Proc., §§ 904.1, 906; see *Lackner* v. *LaCroix* (1979) 25 Cal.3d 747, 753 [159 Cal.Rptr. 693, 602 P.2d 393].)

Cal.App.3d 777, 788 [205 Cal.Rptr. 62]; *Pond* v. *Insurance Co. of North America, supra,* 151 Cal.App.3d at p. 288 ["Reliance upon the advice of counsel, in good faith and after full disclosure of the facts, customarily establishes probable cause"].)

 In its first motion for summary judgment, Transamerica argued it acted with probable cause when it relied upon Smolker's advice that it had a fraud claim against DeRosa prior to commencing the action. In support of the motion, Transamerica proffered the deposition testimony of its chief title officer, Nicholson, who authorized the action against DeRosa. Nicholson testified he instructed Smolker to investigate whether DeRosa was guilty of fraud and permitted the action to be commenced only after Smolker advised him an action could be maintained. The evidence further established Smolker first raised the issue of suing DeRosa for fraud.[3]

DeRosa argued below there was a triable issue whether Transamerica had probable cause to commence the action because Transamerica actively directed the litigation against DeRosa. The evidence upon which DeRosa relied to oppose the motion indicated Transamerica's employees were actively involved in the litigation, including handling the mandatory settlement conference and the decision to proceed to trial rather than settle the matter.

However, DeRosa presented no evidence contradicting Nicholson's testimony that Transamerica solicited Smolker's advice prior to commencing the action against DeRosa. To the contrary, Smolker's deposition testimony confirmed Transamerica only acted when he advised it a fraud action could be maintained.

Smolker further testified Nicholson was a forthright person who wanted Smolker to conduct a thorough investigation to avoid bringing an unfounded action against DeRosa. Finally, Smolker's deposition confirmed Transamerica always followed Smolker's advice concerning the handling of the underlying action.

Based upon this uncontroverted evidence, Transamerica established it acted with probable cause when it commenced its action against DeRosa. Transamerica fully disclosed all of the facts to Smolker who then advised it the fraud action could be maintained. Smolker's testimony confirms Nicholson, and thus Transamerica, acted in good faith when he consulted Smolker. Therefore, the trial court erred when it denied Transamerica's first motion for summary judgment.

---

[3] There was no dispute Transamerica provided Smolker with all of the relevant facts and documents necessary to determine whether the fraud action could be maintained.

### DISPOSITION

The judgment is affirmed. Respondent Smolker's request for sanctions is denied. Respondents are to recover their costs on appeal.

Lillie, P. J., and Woods (Fred), J., concurred.